IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **DAEDALUS BLUE, LLC** <br><br> *Plaintiff*, <br><br> v. <br><br> **MICROSTRATEGY INCORPORATED** <br><br> *Defendant*. | Civil Action No. 2:20-CV-551-RCY-RJK |

**DEFENDANT MICROSTRATEGY INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL DISCLOSURE OF SEARCH TERMS**

Like its motion to compel, Daedalus' motion to strike is unnecessary at this time—the parties do not have a concrete and consequential dispute that requires the Court's intervention. This motion involves MicroStrategy's timely objections to Daedalus' discovery requests, which, as written, cover most of MicroStrategy's two-decade old, global business. MicroStrategy provided sufficiently detailed objections to the requests (similar to Daedalus' own discovery objections). And, MicroStrategy has explained that it is not refusing to search, nor withholding responsive documents based on its objections, but rather, it is tailoring the way that it is conducting a reasonable search based on the objections. There is simply no reason to strike MicroStrategy's timely and proper objections. Daedalus' motion was apparently motivated to require MicroStrategy to provide more explanation of its document collection efforts. Dkt. 41 at 1. At no point did MicroStrategy refuse to do so. In fact, twice since Daedalus prematurely filed its motion Microstrategy provided the information Daedalus seeks—the identification of its document repositories and search terms utilized. After doing so, and in the spirit of Local Civil Rule 37(E), MicroStrategy asked Daedalus to withdraw its motion, but Daedalus refused. The Court should deny or dismiss Daedalus' motion as unnecessary and/or moot.

### I.  FACTUAL BACKGROUND

A detailed background is set forth in MicroStrategy's Opposition to Daedalus' Motion to Compel filed simultaneously herewith. In relevant part, on March 1 MicroStrategy objected to a majority of Daedalus' discovery requests as overbroad, particularly because it had not received infringement contentions that identified 1) asserted claims, and 2) particular functionalities of the MicroStrategy software that were alleged to meet the limitations of those asserted claims. Dkt. 42, Ex. C. Daedalus' requests sought broad discovery on all aspects of MicroStrategy's business relating to its entire software platform going back over two decades, the majority of which is not

implicated by the asserted patents. Dkt. 42, Ex. B (defining "Accused Technology" as "the MicroStrategy Platform," "and any other products and methods identified in Daedalus' Complaint and/or other contentions that may be provided"). The "MicroStrategy Platform," is a comprehensive business intelligence software for monitoring, reporting, and analyzing all business operations of a company. In contrast, the two asserted patents claim narrow alleged improvements specific to queries and security roles in database systems.[1] None of the other myriad of features offered by the software are accused or are relevant to the claims or defenses in the case.

MicroStrategy's other objections similarly reflect the inappropriate breadth of Daedalus' requests. For instance, MicroStrategy objected to requests unlimited in time or geographic scope; i.e., they were not limited to versions of software "produced, used, imported, sold, or offered for sale in the U.S. during the applicable period in which Plaintiff is entitled to relief."[2] MicroStrategy also objected to requests that sought information that was unduly burdensome and not proportional to the needs of the case, such as requests for information relating to "any other analytics software and services owned or developed by any other third party," (Dkt. 42, Ex. G at 54), or requests on the complete organizational structure of Microstrategy. *Id.* at 60-62. MicroStrategy also objected to requests that sought "all documents," and noted that it would produce representative documents (i.e., those that it located after a reasonable search) that are responsive to each request. *See, e.g.*, *id.* at 14-15. Other objections went to undefined and ambiguous terms in specific Requests. *See, e.g.*, *id.* at 16. Finally, certain objections noted Requests that were duplicative of other requests or

---

[1] U.S. Patent No. 8,341,172 purports to improve known abstract data layers by including an additional data field that includes an aggregate expression. *See, e.g.*, Dkt. 1-2 at 22:7-28. U.S. Patent No. 9,032,076 purports to improve known methods of role-based access control through the use of "super roles." *See, e.g.*, Dkt. 1-3 at 13:48-63.

[2] *See, e.g.*, Dkt. 42, Ex. G at 6 ("the definition of the term "Accused Technologies" is unlimited in time and geographic scope and fails to identify . . . software produced, used, imported, sold, or offered for sale in the U.S. during the applicable period in which Plaintiff is entitled to relief.").

sought information that is not within MicroStrategy's custody or control. *See, e.g.*, *id.* at 19-20.

MicroStrategy's objections are not "boilerplate"; MicroStrategy provided detailed and specific objections that were no more generic than any of Daedalus' discovery objections. *See* Dkt. 42, Ex. E at 1; Ex. G at 3. MicroStrategy provided additional explanation for the particular objections Daedalus focused on, specifically those relating to the definition of "Accused Technologies." Dkt. 42, Ex. E at 1 ("MicroStrategy is unable to provide fulsome responses . . . without Daedalus first identifying asserted claims and asserted products . . . . Further, discovery regarding claims and product functionalities that are not in fact accused in this case is not relevant and not proportional to the needs of the case."). MicroStrategy also clarified that while it would not withhold documents that arise from a reasonable search, its search would be focused on the accused functionalities specifically identified in Daedalus' infringement claim charts. *See, e.g.*, Dkt. 42, Ex. K at 2-3; Ex. L at 1 ("we are focusing the extensive and burdensome search based on our understanding of specifically accused functionalities").

In correspondence, Daedalus requested that MicroStrategy provide search terms regarding its document collection process. At that point, MicroStrategy noted that search terms had not been utilized (as MicroStrategy was collecting technical documentation stored by version). Dkt. 42, Ex. K at 4; Ex. L at 2 ("We are still considering this issue, but as previously stated [] MicroStrategy is thus far supplying all documentation that was located . . . without applying search terms."). MicroStrategy did not refuse to provide search terms, and MicroStrategy has twice provided its search strategy information to Daedalus, including the repositories searched, the search terms utilized (if so utilized), and custodial information. Ex. 1 at 1-3.

## II.   ARGUMENT

### A. MicroStrategy's Objections are Not "Boilerplate" and Should Not Be Stricken

First, Daedalus complains of MicroStrategy's use of General Objections in its discovery

3

responses. Setting aside the fact that Daedalus itself used General Objections in its discovery responses, *see* Ex. 2 at 3-7, MicroStrategy provided specific objections to each and every one of Daedalus' sixty-six Requests for Production.[3]

Second, MicroStrategy's objections were hardly "boilerplate, designed to obfuscate," as Daedalus alleges. Dkt. 42 at 4. The mere fact that many of MicroStrategy's objections were repeated in view of the overbreadth of Daedalus' requests does not make the objections boilerplate. *See Tim Long Plumbing, Inc. v. Kinsale Ins.*, No. 20-CV-00042, 2020 WL 6559869, at *4 (E.D. Tex. Nov. 9, 2020) ("no cited authority claims that copying and pasting an objection, by itself, constitutes the objection 'boilerplate'"); *Doerr v. Abplanalp*, No. 19-CV-1194, 2020 WL 6870912, at *5 (M.D. Fla. Sept. 3, 2020) (finding objections proper that "shed a bit more light on the basis for why Defendant objects to the requests on the grounds of relevancy"). Daedalus relies on cases that are not factually similar. Unlike here, the Defendant in *Barb v. Brown's Buick, Inc.* provided generic objections without any specific details relating to a particular request. No. 09-cv-785, 2010 WL 446638 (E.D. Va. Feb. 2, 2010). And *Acosta v. Medical Staffing of America, LLC*, No. 18-cv-226, 2019 WL 6122016 (E.D. Va. Mar. 15, 2019), relates only to the use of general objections and did not address specific objections like MicroStrategy made here.

For example, MicroStrategy explained its objection to "the definition of the term 'Accused Technology'" as being "unlimited in time and geographic scope" and failing "to identify specific functionalities of the MicroStrategy Platform." MicroStrategy's objections make clear that the

---

[3] Daedalus also takes issue with the fact that MicroStrategy responded to most requests with the statement that it would produce "representative, non-privileged documents . . . from which information concerning aspects of the non-objectionable scope of this Request can be located." Dkt. 42 at 2. But this response (which also mirrors Daedalus' response, *see* Ex. 2 at 9) is merely confirming that MicroStrategy is agreeing to a reasonable search for documents in its possession and that it will produce the documents collected in that search that are responsive.

4

request should be limited to the specifically accused functionalities and to "software produced, used, imported, sold, or offered for sale in the U.S. during the applicable period in which Plaintiff is entitled to relief." Dkt. 42, Ex. G at 6. MicroStrategy's objections "are not boilerplate objections, but rather were specifically tailored to the deficiencies in Plaintiff's request." *Quezada v. Lindsey*, No. 10-CV-01402, 2014 WL 5500800, at *3 (E.D. Cal. Oct. 30, 2014); *see also Kilmon v. Saulsbury Indus., Inc.*, No. 17-CV-99, 2018 WL 5800757, at *4 (W.D. Tex. Feb. 28, 2018) (ruling objections to Plaintiff's defined terms "are not 'boilerplate,' as Defendant raises the corresponding objection only when an allegedly objectionable term has been used"); *Mr. Dee's Inc. v. Inmar, Inc.*, No. 19-cv-141, 2020 WL 6488700 (M.D.N.C. Nov. 4, 2020). Indeed, Daedalus' own objections are often no more specific, confirming the propriety of MicroStrategy's objections to much more expansive topics. Ex. 2 at 51-52. In sum, Daedalus' motion provides no rationale for striking MicrosStrategy's specific objections, as they are not boilerplate and meet the requirements of Fed. R. Civ. P. 34, and therefore it should be denied.

The lack of a consequential dispute is evidenced by Daedalus' failure to identify what it believes MicroStrategy is improperly withholding in view of its objections. Daedalus' motion mentions only "patent licenses relating to the Platform and Intelligence Server." Dkt. 42 at 5-6. But patents are directed to specific innovations, and not software platforms as a whole. MicroStrategy is not withholding any licenses that relate to processing data queries and role-based access control—the subject matter of the asserted patents. *See* Ex. 3 at 26-28 (identifying licenses under Fed. R. Civ. P. 33(d)). Notably, Daedalus cites no Federal Rule of Civil Procedure under which its motion seeks relief. Rule 12(f) motions to strike are limited to "pleadings" as defined in Rule 7(a) (such as a complaint or answer), not objections to discovery requests. *See James v. Experian Info. Sols., Inc.*, No. 12-CV-902, 2014 WL 29041, at *6 (E.D. Va. Jan. 2, 2014)). For

5

this additional reason, the Court should deny Daedalus' inconsequential motion.

### B. Daedalus' Motion for Search Terms is Moot and The Requested Remedy is Unwarranted and Improper

Daedalus' additional request for the identification of repositories and search terms is moot because MicroStrategy has provided the information requested. Ex. 1 at 1-3. The more than 200,000 pages of documents that MicroStrategy has provided to date belie Daedalus' suggestion that its search is too narrow, and in any case, MicroStrategy remains willing to meet and confer in good faith with Daedalus regarding any specific issues with the search terms.

Yet Daedalus' proposed order attempts to go even farther as a "sanction" under Local Civ. R. 37(G), (Dkt. 42 at 7), going beyond what courts require even when disfavored "discovery on discovery" is ordered.[4] Courts have recognized that "[o]rdinarily and traditionally, counsel is not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request" and therefore "[w]hen the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Haroun v. ThoughtWorks, Inc.*, No. 20-CV-0100, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (citations and quotations omitted); *see also Fish v. Air & Liquid Sys. Corp.*, No. 16-CV-496, 2017 WL 697663, at *6-7, *15-16 (D. Md. Feb. 21, 2017) (finding that "'discovery on discovery' . . . is not an appropriate topic of discovery and numerous courts have disallowed such discovery"); *United States v. United Techs. Corp.*, No. 16-CV-01730, 2020 WL 7339916, at *15

---

[4] *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Electronic Document Production*, 19 SEDONA CONF. J. 1, 123 cmt. 6.b. (2018) (cautioning against extraneous discovery as wasteful, absent specific, tangible evidence of a deficiency).

(D. Conn. Dec. 14, 2020). An adequate basis includes "gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests." *See* 2020 WL 6828490, at *2.[5]

Here, there is no evidence of any gaps in MicroStrategy's production (Daedalus filed its motion before reviewing the productions), no reason to believe spoliation has occurred, and no basis to believe that MicroStrategy is not searching all relevant and reasonably available ESI. And Daedalus' proposed order goes well beyond the custodians and search terms—requesting that, *for each of the 66 RFPs*, MicroStrategy explain every source from which documents were preserved and collected, how they were collected, and identification of attorneys overseeing relevance determinations and a description of how those determinations are being made. Dkt. 42-13. There is no cause for this sweeping and untargeted remedy, which appears to request the mental impressions of attorneys conducting a relevance determination—classic, protected work product.[6] Nothing in this case warrants such discovery on extraneous issues, as the information MicroStrategy has already voluntarily provided evidences its good faith production efforts.

MicroStrategy respectfully requests that the Court deny Daedalus' motion to strike.

Respectfully submitted,

Dated: April 7, 2021

/s/ Nicholas M. DePalma
Nicholas M. DePalma (VSB 72886)
VENABLE LLP

---

[5] In the only case Daedalus cited to MicroStrategy, such discovery was ordered only after there were "repeated concerns" over the adequacy of production, the producing party refused to share "any specific facts" about its production, and there was tangible evidence of deficiencies. *Johnson v. Ford Motor Co.*, No. 13-CV-06529, 2015 WL 4137707 (S.D.W. Va. July 8, 2015).
[6] Even in *Johnson* the court acknowledged the issue of work product disclosure but found that a limited inquiry into "search terms" and "custodians"—the information already provided by MicroStrategy—would not implicate work product. 2015 WL 4137707, at *10.

8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Tel: (703) 905-1455
Fax: (703) 821-8949
nmdepalma@venable.com

Frank C. Cimino, Jr.
Megan S. Woodworth
Leslie A. Lee
VENABLE LLP
600 Massachusetts Ave NW
Washington, DC 20001
Tel: (202) 344-4569
Fax: (202) 344-8300
fccimino@venable.com

Stephen E. Noona
Kaufman & Canoles, P.C.
150 West Main Street
Norfolk, VA 23514
Tel : (757) 624-3000
Fax : (888) 360-9092
senoona@kaufcan.com

*Counsel for Defendant*
*MicroStrategy Incorporated*

**CERTFICATE OF CONFERENCE**

The undersigned certifies that counsel for MicroStrategy has complied with the requirements of Local Civil Rule 37(E) and the Scheduling Order entered in this matter (ECF No. 31) and has met and conferred with Plaintiff's counsel in good faith several times by telephone and through correspondence to resolve the issues raised in this motion before it was filed by Plaintiff. For all the reasons set forth above, MicroStrategy opposes the motion, believes that it was filed prematurely, and contends that the issues raised are moot.

/s/ *Nicholas M. DePalma*
Nicholas M. DePalma (VSB 72886)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Tel: (703) 905-1455
Fax: (703) 821-8949
nmdepalma@venable.com

*Counsel for Defendant*
*MicroStrategy Incorporated*

**CERTFICATE OF SERVICE**

  I hereby certify that on the 7th day of April 2021, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to:

> Walter D. Kelley, Jr
> HAUSFELD, LLP
> 888 16th Street, N.W., Suite 300
> Washington, DC 20006
> Tel: (202) 540-7157
> Fax: (202) 540-7201
> Email: wkelley@hausfeld.com
>
> *Counsel for Plaintiff*
>
>
> /s/ *Nicholas M. DePalma*
> Nicholas M. DePalma (VSB 72886)
> VENABLE LLP
> 8010 Towers Crescent Drive, Suite 300
> Tysons, VA 22182
> Tel: (703) 905-1455
> Fax: (703) 821-8949
> nmdepalma@venable.com
>
> *Counsel for Defendant*
> *MicroStrategy Incorporated*