IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAEDALUS BLUE, LLC,                  )
     Plaintiff,                    )
                            )     Civil Action No. 2:20CV551 (RCY)
     v.                            )
                            )
MICROSTRATEGY INCORPORATED,          )
     Defendant.                    )
                            )

## SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO STRIKE DECLARATION OF CEZARY RACZKO IN SUPPORT OF DEFENDANT MICROSTRATEGY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to the Order Appointing Special Master (Dkt. No. 250), the undersigned respectfully submits the following Report and Recommendation regarding Plaintiff's Motion to Strike Declaration of Cezary Raczko in Support of Defendant Microstrategy's Motion for Summary Judgment to United States District Judge Roderick C. Young of the United States District Court for the Eastern District of Virginia.

Plaintiff Daedalus Blue, LLC filed its motion on October 12, 2022.  Dkt. No. 145 ("Mot."). Defendant MicroStrategy Incorporated filed its opposition brief on October 26, 2022.  Dkt. No. 184 ("Opp.").  Plaintiff filed its reply brief on November 1, 2022.  Dkt. No. 213 ("Reply").

For the reasons described below, the undersigned recommends that the Court **EXCLUDE** paragraphs 7–12 and 23–32 of Mr. Raczko's declaration and the attached source code exhibit. With respect to paragraphs 13–22 of Mr. Raczko's declaration, the undersigned recommends that the Court **GRANT** Plaintiff leave to depose Mr. Raczko in order to determine the extent of Mr. Raczko's personal knowledge and by which hearsay exceptions he acquired that knowledge.

1

## I.      BACKGROUND OF THE MOTION

On September 21, 2022, Defendant filed a motion for summary judgment and its memorandum in support thereof.  Dkt. Nos. 119, 127.  Mr. Raczko provided a declaration in support of Defendant's motion for summary judgment.  Dkt. No. 129.  In addition, Mr. Raczko attached 39 pages of source code as an exhibit to his declaration.  *See, e.g.*, Mot. at 4.  In his declaration, Mr. Raczko states that he analyzed Plaintiff's infringement contentions.  Raczko Declaration at ¶¶ 3, 5.  Mr. Raczko's declaration compares the functionality of the accused product ("Workstation") with a predecessor tool ("Desktop").  Opp. at 1.

Mr. Raczko is an employee of Defendant and his current title is Product Owner, Executive Vice President.  Opp. at 1.  Mr. Raczko has spent 24 years working for Defendant, starting in 1998.  *Id.*  Mr. Raczko was deposed in this case as a 30(b)(6) witness, and Defendant states that Mr. Raczko will testify at trial.  *Id.*  There does not appear to be any dispute that Mr. Raczko did not work on the accused (later) Workstation product, but appears to have worked on the earlier (unaccused) Desktop tool.  *See, e.g.,* Mot. at 6.

On January 25, 2021, Defendant identified Mr. Raczko in its Initial Disclosures as having "knowledge of the accused products, including earlier MicroStrategy product versions and the technical state of the art."  Opp. at 2 (quoting Opp., Ex. 2 at 3).  On March 1, 2021, in response to one of Plaintiff's interrogatories, Defendant identified Mr. Raczko as a person that "held a supervisory or management position with respect to the design, development, … and/or sale for each of the Accused Technologies."  *Id.* (quoting Opp., Ex. 3 at 13).  On March 29, 2021, Defendant supplemented its interrogatory response to further explain the Mr. Raczko began working on the "design and development of MicroStrategy software, including MicroStrategy 7"

and that he has held "technical, management, and executive roles involving the design, development, and testing of the MicroStrategy software[.]" *Id.* (quoting Opp., Ex. 4 at 20).

Defendant designated Mr. Raczko as the its corporate witness for over three dozen 30(b)(6) topics. *Id.* at 3.  On May 12, 2022, Plaintiff served a personal notice for Mr. Raczko's deposition. *Id.* at 3–4 (citing Opp., Ex. 6).  Plaintiff subsequently deposed Mr. Raczko for seven hours on functionality within the accused product (Workstation), and its predecessors (Developer and Desktop). *Id.* at 4.

The parties agree that Defendant did not disclose Mr. Raczko as an expert witness nor did Mr. Raczko provide a written expert report.  Mot. at 3; *see also* Opp. at 2–6.

## II.     LEGAL STANDARD

### A.  Expert Disclosures

Federal Rule of Civil Procedure 26(a)(2) governs the disclosures related to expert witnesses.  Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Federal Rule of Civil Procedure 26(a)(2)(B) governs witnesses that must provide a written report; namely, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure a party must make for witnesses do not need to provide a written report; namely, the disclosure must describe "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Finally, Federal Rule of Civil Procedure 26(a)(2)(D) governs the

timeframe in which the disclosure must be made; namely, "[a]bsent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial[.]"  The Court's scheduling order set expert report-related deadlines in July and August 2022.  Dkt. No. 104.

Federal Rule of Civil Procedure 37(c)(1) recites that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The Fourth Circuit has provided guidance in analyzing whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis.  *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).  These factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.*

### B.  Expert witness testimony versus lay witness testimony

Federal Rule of Evidence 702 governs testimony by expert witnesses and provides that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Federal Rule of Evidence 701, on the other hand, governs opinion testimony by lay witnesses and is limited to situations where a witness is "not testifying as an expert."  Rule 701 provides that a lay witness can give an opinion if it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of

a fact in issue."  The Fourth Circuit has held that "Rule 701 permits lay witnesses to offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (internal quotation marks omitted).  But Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.  *Id.*

The Fourth Circuit has held that "the line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one [and] the guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge." *U.S. v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, —— U.S. ——, 140 S. Ct. 269, 205 L.Ed.2d 182 (2019).  The Fourth Circuit has held that "[o]ther factors we have identified for distinguishing lay testimony from expert opinion are: (1) whether the proposed testimony relies on some specialized knowledge or skill or education that is not in the possession of the jurors, and (2) whether the proposed testimony is in the form of responses to hypothetical or like questions." *Id.* at 144 (internal quotation marks omitted).


## III.    THE PARTIES' ARGUMENTS

### A.  Arguments in Plaintiff's Opening Motion

Plaintiff contends that Defendant never disclosed Mr. Raczko as an expert and otherwise did not comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2).  Mot. at 1.  Despite that lack of disclosure, Plaintiff contends that Mr. Raczko provided non-infringement and invalidity opinions with respect to one of the two asserted patents (U.S. Patent No. 9,032,076). *Id.* at 1, 3.

With respect to the contents of Mr. Raczko's declaration, Plaintiff notes that Mr. Raczko states that he analyzed Plaintiff's infringement contentions. *Id.* at 3 (citing Raczko Declaration at ¶¶ 3, 5). Plaintiff first contends that Mr. Raczko then provides his opinion of "why he believes the functionality in the Workstation product that [Plaintiff] accuses of infringement in the case was present in a MicroStrategy tool called 'Desktop' that was part of a previous version of the MicroStrategy software called MicroStrategy 7i." *Id.* (citing Raczko Declaration at ¶¶ 7–12). Plaintiff contends that Mr. Raczko next provides reasons why the accused "'ACG function' in Workstation" does not infringe certain limitations of the '076 Patent as Plaintiff's expert contends. *Id.* at 3–4 (citing Raczko Declaration at ¶¶ 13–22). Plaintiff finally contends that Mr. Raczko "provides an analysis comparing source code for the 'ParseAccessRights' function in the Desktop tool with source code for the ACG function in Workstation in an attempt to show that the ParseAccessRights function in Desktop provided the same functionality as the ACG function in Workstation." *Id.* at 4 (citing Raczko Declaration at ¶¶ 23–32).

Plaintiff moves to strike Mr. Raczko's declaration and the source code exhibit attached thereto. *Id.* at 1. More specifically, Plaintiff contends that Mr. Raczko's declaration should be excluded as it consists of "untimely expert testimony[.]" *Id.* at 4. Plaintiff further contends that the source code exhibits attached to his declaration should be excluded as they were never produced to Plaintiff during fact or expert discovery. *Id.* at 4.

Plaintiff contends that Mr. Raczko's alleged expert opinion is based on his consideration of Plaintiff's infringement contentions and expert reports, and his analysis of Defendants' source code, which is beyond his personal knowledge and therefore is expert testimony. *Id.* at 4–5 (citing cases).

Plaintiff also contends that Mr. Raczko's information in his declaration is not based on his personal knowledge as he admitted he had no personal involvement in developing the Workstation product. *Id.* More specifically, Plaintiff contends that Mr. Raczko admitted during this deposition that he had not written any code on any MicroStrategy product since around 2013 to 2015 and he never worked in the division that created the accused Workstation product, which was released in December 2017. *Id.* Based on that, Plaintiff contends that Mr. Raczko's knowledge of the Workstation product source code therefore could only have been a result of the analysis undertaken as part of this litigation, thus making it expert testimony. *Id.* (citing cases).

With respect to the Desktop tool and the ParseAccessRights function therein, Plaintiff contends that Mr. Raczko did not testify that he had any personal involvement in developing the particular ParseAccessRights function. *Id.* at 6. Plaintiff contends that even if he had he worked on this function, because he never worked on the ACG function in the Workstation product, his comparison of the ParseAccessRights function in the Desktop tool with the ACG function in the Workstation product constitutes expert opinion. *Id.* (citing *Idan Computer, Ltd. v. Intelepix, LLC*, No. CV-09-4849 (SJF)(ARL), 2010 WL 3516167, at *3 (E.D.N.Y. Aug. 27, 2010)).

Plaintiff contends that because Defendant "never properly disclosed its intent to rely on Mr. Raczko as an expert witness (or the subject matter for which he would be providing expert testimony)," unless Defendant can demonstrate that that failure was "substantially justified or harmless," the Court should strike Mr. Raczko's declaration in its entirety. *Id.* (quoting Fed. R. Civ. P. 37(c)(1); citing *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 807 (N.D. Ill. 2005)).

Plaintiff contends that Defendant's failure to disclose Mr. Raczko as an expert witness is neither substantially justified or harmless. *Id.* With respect to the former, Plaintiff contends that

Defendant has no justification because Mr. Raczko "actively assisted" Dr. Mark Jones, Defendant's technical expert, with the preparation of his expert reports. *Id.* (citing Mot., Ex. 4 (Jones Deposition) at 21:23–22:11, 23:25–24:19, 28:13–30:5). Based on that, Plaintiff contends that Defendant could have designated Mr. Raczko as an expert witness, but made the strategic choice not to, and it is too late to change its decision. *Id.* at 6–7.

Plaintiff contends that Defendant's failure to disclose Mr. Raczko is also not harmless as it provides new evidence and opinions on non-infringement and invalidity that were not discussed in Defendant's expert's invalidity and non-infringement expert reports, which "severely prejudiced" Plaintiff's ability to respond to Defendant's motion for summary judgment. *Id.* at 7. Plaintiff contends that Defendant's failure to disclose also deprived its technical expert of the opportunity to review and response to Mr. Raczko's declaration and deprived Plaintiff the opportunity of deposing Mr. Raczko. *Id.* Plaintiff contends that the source code printouts are incomplete and do not provide context as to how that code is used in the larger product. *Id.*

### B. Arguments in Defendant's Opposition

In its opposition, Defendant contends that Plaintiff's motion is "frivolous" as Mr. Raczko is "intimately familiar" with the accused functionality in Defendant's software and because he did not provide any opinions on non-infringement or validity. Opp. at 1.

Defendant contends that at Mr. Raczko's deposition, with respect to the earlier Desktop tool, he testified that he wrote and "personally maintained the functionality" corresponding to the accused functionality. *Id.* at 4 (citing Opp., Ex. 1 (Raczko Deposition) at 170:21–171:20). With respect to the Workstation product, Defendant contends that Mr. Raczko testified that he was "intimately familiar with the implementation of [the ACG] functionality down to the code level" in the Workstation product. *Id.* (citing Opp., Ex. 1 at 144:21–146:5). Defendant contends that

while Mr. Raczko did not write code for the later Workstation product, given the overlap of the ACG functionality with the ParseAccessRights function, he is also intimately familiar with the former. *Id.* at 4–5 (citing Opp., Ex. 1 at 13:14-14:1, 14:22-15:5, 15:11–20, 144:21–146:5, 170:21–171:20). Defendant contends that Mr. Raczko testified that he had a "deep" personal knowledge of the Workstation product. *Id.* at 5 (citing Opp., Ex. 1 at 144:13-20).

Defendant contends that Mr. Raczko's declaration "addresses specific aspects of the same access control functionality for the Workstation and Desktop tools that was covered in his deposition," including:

> (1) the remote operation of MicroStrategy 7i Desktop (Dkt. 129 at ¶¶ 8, 10-12, 23-32), (2) the accused Workstation function that returns the predefined group of permissions a user has to an object (*id.* at ¶¶ 13-22, 28), and (3) the predecessor Desktop function in MicroStrategy 7i that likewise returns a user's predefined permission group for an object (*id.* at ¶¶ 24-32).

Opp. at 5.

Defendant contends that the source code Mr. Raczko attached to his declaration was included within the source code it made available to Plaintiff for inspection and which two of Plaintiff's experts reviewed. *Id.* at 5–6.

### 1. Mr. Raczko's declaration does not constitute expert testimony and that he has personal knowledge of the accused functionality

Defendant contends that Plaintiff's motion should be denied for three independent reasons. *Id.* at 1, 6–11. First, Defendant contends that that Mr. Raczko's declaration does not constitute expert testimony and that he has personal knowledge of the accused functionality. Defendant contends that Mr. Raczko's declaration "solely provides factual information that is based on Mr. Raczko's personal knowledge of the MicroStrategy, consistent with Fed. R. Evid. 602," and that it does not provide non-infringement and invalidity opinions as Plaintiff contends. *Id.* at 6.

With respect to Mr. Raczko's review of Plaintiff's infringement contentions and Plaintiff's expert's reports, Defendant contends that the purpose of that statement was to "merely introduce the particular functionality that will be discussed and to explain that it is within his personal knowledge." *Id.* Defendant contends that Mr. Raczko does not provide any opinions on infringement, invalidity, or any other legal issue. *Id.* at 7.

Defendant contends that paragraphs 11–12 of Mr. Raczko's declaration describes "how the MicroStrategy Desktop application could remotely connect with other MicroStrategy applications." *Id.* Defendant contends that paragraphs 13–22 of Mr. Raczko's declaration describes the "what the [accused ACG] function is, what its inputs are, and what its output represents in the MicroStrategy platform." *Id.* (emphasis in Defendant's brief). Defendant contends that paragraphs 23–28 of Mr. Raczko's declaration describe the "corresponding function in the prior MicroStrategy 7i Product, including its inputs and outputs." *Id.* Finally, Defendant contends that paragraphs 29–32 of Mr. Raczko's declaration describes "screenshots from the operation of the MicroStrategy 7i Desktop application." *Id.*

Defendant contends that Mr. Raczko's declaration itself confirms that he had personal knowledge of the Workstation product. *Id.* (quoting Raczko Declaration at ¶ 4, Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witnesses own testimony.")). Defendant contends that Mr. Raczko's deposition testimony provides "even further evidence of his 'deep understanding' and personal knowledge of both the accused Workstation tool and its predecessor, Desktop, which Mr. Raczko was personally involved in creating.). *Id.* at 8 (citing Opp., Ex. 2 (Raczko Deposition) at 144:13–146:5 and 170:21–171:20). Defendant contends that given the overlap between the two and Mr. Raczko's continued technical involvement with Workstation, he has more than sufficient personal knowledge. *Id.*

Defendant contends that even Plaintiff's expert relies on Mr. Raczko's technical explanations in his opening expert report on infringement. *Id.* (citing Opp., Ex. 12 at ¶¶ 60, 71, 76–83).

### 2. Any opinion is permissible lay witness testimony based on Mr. Raczko's personal knowledge

Defendant's second independent reason why Plaintiff's motion should be denied is that any opinion is permissible lay witness testimony based on Mr. Raczko's personal knowledge. *Id.* Defendant contends that, when examined, Mr. Raczko's declaration statements are factual in nature and are not expert opinion. *Id.* (citing Raczko Declaration at ¶¶ 26–27, 28).

Defendant contends that even if some of Mr. Raczko's declaration statements contained opinion, it does not make these statements expert testimony as they are based on Mr. Raczko's personal knowledge. *Id.* at 9. Defendant contends that Fed. R. Evid. 701 describes that a "lay witness may provide opinion testimony when it is: '(a) rationally based on the witness's perception, (b) helpful to a clear understanding of the witness's or to determining a fact in issue, and (c) not based on scientific, technical or other specialized knowledge[.]'" *Id.* Defendant contends that Fed. R. Evid. 701 advisory committee's note allows "an officer of a company to provide lay opinion based on their particularized knowledge gained 'by virtue of his or her position it the business.'" *Id.* Defendant contends that "[s]everal courts in this district have permitted officers and employees of companies to testify as to the technical details of products relevant to ongoing litigation without being qualified as an expert witness." *Id.* at 9–10 (citing cases).

### 3. Mr. Raczko's declaration is consistent with his role as a 30(b)(6) witness

Defendant contends that "when a corporate designee is competent to testify on topics he has been provided for, he is also competent to provide a declaration concerning the same topics." *Id.* at 11 (citing *Abu-Eid v. Discovery Prods.*, __ F. Supp. 3d __, 2022 WL 683110, at *8–9 (E.D.

Va. Mar. 8, 2022)).  Based on that, Defendant contends that even if Mr. Raczko acquired his knowledge of the Workstation product for this litigation, "this preparation renders his declaration on the same topics admissible testimony."  *Id.*

### 4. Defendant met its discovery obligations with respect to the source code attached to Mr. Raczko's declaration

Defendant contends that the source code that was attached to Mr. Raczko's declaration was available for inspection and that Plaintiff's experts spent 21 days reviewing that code.  *Id.* at 11–12.  Defendant contends that making source code available for inspection satisfies its discovery obligations.  *Id.* at 12 (citing *Automated Merch. Sys. v. Crane Co.*, 279 F.R.D. 366, 373–74 (N.D. W. Va. Oct. 21, 2011)).

### C. Arguments in Plaintiff's Reply

### 1. Mr. Raczko's source code analysis constitutes expert testimony

Plaintiff contends that Mr. Raczko provides "detailed source code-level analysis of certain functions and methods in [Defendant's] software[,]" which "necessarily involves the application of 'scientific, technical, or specialized knowledge' regarding software programming that is not possessed by a lay jury[,]" thus making his declaration expert testimony under Fourth Circuit law. Reply at 1, 2.  Plaintiff further contends that Mr. Raczko's declaration is expert testimony because is in "direct response" to Plaintiff's infringement contentions and Plaintiff's expert's opening report on infringement.  *Id.* at 2–3 (citing cases).

With respect to Mr. Raczko's statement that he was "familiar with all of the accused functionality with respect to the '076 patent," Plaintiff contends that because Mr. Raczko only obtained this knowledge because of his work in this litigation, it is not within his personal knowledge but is rather expert analysis.  *Id.* at 4.

With respect to Mr. Raczko's statement that he was "personally involved with developing the relevant aspects in the MicroStrategy products early in my career," Plaintiff further contends that this statement is "demonstrably false" with respect to the ACG function as Mr. Raczko testified he stopped writing code source code for Defendant prior to when the Workstation product was developed.  *Id.* at 4–5.

Plaintiff contends that Defendant "incorrectly relies on Mr. Raczko's deposition testimony as evidence of his 'deep understanding' of Workstation," as the cited testimony only demonstrates that Mr. Raczko has a "basic understanding."  *Id.* at 5.

### 2.   Mr. Raczko's source code analysis does not qualify as lay testimony under Federal Rule of Evidence 701

Plaintiff contends that Mr. Raczko's testimony is not lay testimony under Federal Rule of Evidence 701 as it is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702."  *Id.* at 5–6.  Plaintiff contends that Defendant has not cited any case where source code analysis was found to be lay testimony.  *Id.* at 6.

### 3.   Mr. Raczko's designation as Rule 30(b)(6) witness is irrelevant

Plaintiff contends that Rule 30(b)(6) is rule regarding discovery, not admissibility of evidence at trial, as such, Defendant's designation of Mr. Raczko as its 30(b)(6) witness does not make his declaration admissible.  *Id.*  Plaintiff contends that Rule 26(a)(2) requires Defendant to "identify all data that its experts intend to rely upon for their opinions."  *Id.* at 2.  Plaintiff contends that because Defendant failed to comply with that rule, the Court should strike Mr. Raczko's declaration.  *Id.*

Plaintiff contends that the case Defendant cites (*Abu-Eid*) is inapposite because in that case the witness was deposed on the subject matter that was in his declaration for 15 hours.  *Id.* at 6–7

(citing No. 1:20-cv-1560, 2022 WL 6831100, at *2).  Plaintiff contends that, based on that, the *Abu-Eid* court held that the witness's declaration should not be stricken.  *Id.* at 7.

Plaintiff contends that the facts in this case are very different.  *Id.*  First, the subject matter of Mr. Raczko's declaration (the ParseAccessRights function in the Desktop tool and ACG function in the Workstation tool) was not discussed during Mr. Raczko's deposition.  *Id.*  Based on that, Plaintiff contends that it is therefore irrelevant that Mr. Raczko was designated as a 30(b)(6) witness as the contents of his declaration and deposition differed, unlike the witness in *Abu-Eid*.  *Id.*

Second, Plaintiff contends that it did not have a fair opportunity to question Mr. Raczko as Defendant objected to Plaintiff's 30(b)(6) topic regarding source code as being "overbroad," and designated Mr. Raczko for 38 topics, but refused to allow him to be deposed for more than one day.  *Id.*

Third, Plaintiff contends that Defendant's argument that a 30(b)(6) witness can provide a declaration in support of a motion for summary judgment would effectively eliminate the personal knowledge requirement of Federal Rule of Evidence 602 which would allow a witness to "testify at trial about any subject matter that falls within the scope of the Rule 30(b)(6) topic for which [Defendant] designated him, regardless of whether that testimony is based upon his personal knowledge."  *Id.* at 8.  Plaintiff contends that courts have rejected that position.  *Id.* (citing cases).

### 4. Source code excerpts attached to Mr. Raczko's declaration should be stricken

Plaintiff contends that given that there were millions of lines of code, it was Defendant's duty to identify portions of code it intended to rely on for its non-infringement and invalidity defenses under Rule 26(a)(2).  *Id.* at 10.  Plaintiff contends that *Automated Mechandising* is

inapposite because the issue in that case was whether defendant should produce source code in paper format or if electronic format was sufficient, which is not the issue here. *Id.*

## IV.    SPECIAL MASTER'S LEGAL ANALYSIS

### A.  Whether Mr. Raczko's declaration was expert testimony

The first question is whether Mr. Raczko's declaration was expert testimony or permissible lay testimony.  Plaintiff advances two arguments why Mr. Raczko's constitutes expert testimony. Plaintiff's first argument was that Mr. Raczko's declaration discusses technical knowledge regarding software programming that is not possessed by a lay jury.  The undersigned disagrees. Although Mr. Raczko's declaration discusses technical information regarding software programming that is not possessed by a lay jury, the undersigned concludes that this alone does not constitute expert testimony as Mr. Raczko may only be testifying as to his personal knowledge that any technical witness may have.  By contrast, adopting Plaintiff's argument would prevent any technical witness from testifying about technical matters as that is knowledge that a lay jury would not possess.

Plaintiff's second argument was that Defendant provided Mr. Raczko's declaration as a direct response to Plaintiff's infringement contentions and Plaintiff's expert's opening report on infringement.  The undersigned does not find this persuasive for at least two reasons.  ***First***, to the extent the factual statements are within his personal knowledge, his statement would be permissible lay testimony.  *Farrell*, 921 F.3d at 143 (the "guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge.").  ***Second***, Plaintiff do not appear to provide any legal authority for the proposition that a lay witness may not provide testimony in response to the opposing side's infringement or invalidity contentions or to an expert report from the opposing side.  Rather, in the first case Plaintiff points to (*Atlantis Info.*

*Tech., GmbH v. CA, Inc.*, No. 06-CV-3921JS ETB, 2011 WL 4543252, at *12 (E.D.N.Y. Sept. 28, 2011)), the Court excluded the testimony of non-expert witness whose declaration was not based on personal knowledge, but rather knowledge gained by examining the source code during discovery. The other case Plaintiff points to (*Idan*) stands for the unremarkable proposition that a comparison of source code is beyond the competency of a lay person. No. CV-09-4849 SJF ARL, 2010 WL 3516167, *12. That case, however, does not describe that it is impermissible for a lay witness to provide testimony regarding source code if it is within that witness's personal knowledge.

Although the undersigned did not find Plaintiff's arguments to be persuasive, the undersigned nevertheless concludes that paragraphs 7–12 and 23–32 of Mr. Raczko's declaration constitute expert testimony and should be excluded, but that there is insufficient information to conclude whether paragraphs 13–22 of Mr. Raczko's declaration constitute expert testimony, for the reasons that follow.

### 1. Analysis of paragraphs 7‑12 and 23‑32 (comparison of the functionality of the Desktop tool and the Workstation product)

The undersigned concludes Mr. Raczko's comparison of the software in the Desktop tool and the software of the Workstation product constitutes expert testimony for at least the following reasons. ***First***, the undersigned concludes that <u>comparing</u> software necessarily requires providing a technical opinion on whether the software is similar or not. Accordingly, such a comparison is closer to speculative opinion testimony than testimony based on the lay witness's perception and opinion. *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses-i.e., testimony not based upon the witness's perception-is generally considered inadmissible.").

***Second***, this type of comparison is commonly undertaken by an expert witness and not a lay witness.  Because it is a "fine" line separating lay and expert testimony, the fact Mr. Raczko performed a task that typically only an expert performs tends to indicate that his declaration lies on the expert testimony side of the line.  *Farrell*, 921 F.3d at 143.

***Third***, similarly, Mr. Raczko's declaration is a rebuttal to Plaintiff's expert's reports on infringement and invalidity.  While Mr. Raczko's declaration was carefully written to avoid stating that the Workstation product did not infringe or that one of the asserted patents was invalid, that still does not change the fact that Mr. Raczko's declaration is designed to rebut Plaintiff's expert's reports on infringement and invalidity, which is generally performed by an expert witness and not a lay witness.

***Fourth***, based on the undersigned's industrial work experience, the undersigned does not believe that engineers typically compare software from different software products as part of their jobs.  And, to the extent engineers do so, it is very unlikely that someone like Mr. Raczko, a vice-president, would be the person that would undertake low-level code comparisons, nor is there any evidence that he did so as a regular part of his job duties.  Based on those suppositions, the undersigned concludes that Mr. Raczko's comparisons are not from his "first-hand knowledge or observation" as required by Federal Rule of Evidence 701, but rather is his analysis that he undertook specifically for this litigation.  Fed. R. Evid. 701 advisory committee's note.

***Fifth***, even if Mr. Raczko performed such a comparison as part of this duties as an employee of Defendant, the undersigned doubts that those comparisons compared the software for the Desktop tool and the Workstation product <u>for the same features that are relevant to the asserted claims of the '076 Patent</u>.

*Sixth*, Defendant has not cited any precedent where a court allowed a lay witness to testify about the witness's opinions regarding the comparability of source code.

Therefore, for the reasons described above, the undersigned concludes that paragraphs 7–12 and 23–32 of Mr. Raczko's declaration constitute expert testimony.

### 2. Analysis of paragraphs 13–22 (description of the functionality of the Workstation product)

While paragraphs 7–12 and 23–32 of Mr. Raczko's declaration compare the functionality of the Desktop tool and the Workstation product, paragraphs 13–22 describe the functionality of the Workstation product. Plaintiff contends that the description in these paragraphs functions as a non-infringement opinion. Mot. at 3–4. The parties disagree whether the statements in these paragraphs were within Mr. Raczko's personal knowledge. *See, e.g.*, *id.* at 4–5, Opp. at 6-10.

With respect to the Workstation product, it appears that Mr. Raczko obtained knowledge of this software in one of four ways: (1) he has firsthand knowledge of the software because he wrote or maintained the relevant software, (2) he has secondhand knowledge of the software that he acquired by virtue of being an employee of Defendant (*e.g.*, as a vice president, or as a manager), (3) he has secondhand knowledge of the software that he acquired solely as part of this litigation (*e.g.*, in preparation for his 30(b)(6) deposition), and (4) he has essentially firsthand knowledge of the software because the software for the Workstation product is unchanged—at least for the purposes of this case—as compared to the software for the Desktop tool. Plaintiff's arguments appear to be directed the second and third ways while Defendant's arguments appear to be directed towards the first and fourth ways.

With respect to the first way (having firsthand knowledge), Mr. Raczko admitted he had not written code for Defendant's products approximately 2013 to 2015. Given that Defendant did not release the Workstation product until a few years later (2017) and because Defendant admits

the Mr. Raczko did not write code for the Workstation product (Opp. at 4), the undersigned concludes that Mr. Raczko does not have firsthand personal knowledge because he wrote or maintained the relevant software.

With respect to the second way, the undersigned concludes there is insufficient information to determine whether Mr. Raczko has secondhand knowledge of the software that he acquired by virtue of being an employee of Defendant.  Defendant contends that Mr. Raczko testified that he had a "deep" personal knowledge of the Workstation product.  Opp. at 5.  Defendant cites a snippet from Mr. Raczko's deposition in support of that contention.  *Id.* (citing Opp., Ex. 1 at 144:13–20).  But in that passage, Mr. Raczko responded that he has a "deeper understanding of what the MicroStrategy Workstation product is" than the "simplistic and superficial marketing sort of interpretation of what it is."  Opp., Ex. 1 at 144:13–20.  Based on that, the undersigned concludes that Mr. Raczko did not actually testify that he has "deep" personal knowledge of the Workstation product, but rather merely he does not have a "simplistic and superficial marketing" level of understanding.

Defendant also contends that Mr. Raczko, even in his current position, "engages with his team on a technical level."  Opp. at 4 (citing Opp., Ex. 1 at 27:4–15).  While the undersigned concludes that Mr. Raczko certainly understands the Workstation product at a higher technical level, it is unclear how familiar Mr. Raczko is with the implementation details of the Workstation platform that are relevant to the '076 Patent and whether the implementation changed from the Desktop tool.[1]

---

[1] In the undersigned's own industrial design experience, the chief architect (of a microprocessor design team) certainly understood the operation of the product, he / she was not necessarily aware of the lower level implementation details.  Depending on the claim language, those lower level implementation details may or may not be important.  As a simple example, the chief architect may understand that a microprocessor may include an arithmetic logic unit that performs subtraction, *e.g.*, X - Y.  But the implementation of the subtractor may be implemented using addition, *e.g.*, X + (-Y).  Depending the claim language, that implementation detail may be critical.

Defendant contends that Mr. Raczko is "intimately familiar" with the accused functionality in Defendant's software.  Opp. at 1 (citing Opp., Ex. 1 at 170:21–171:20).  But the passage that Defendant cites appears to describe that some of Mr. Raczko's familiarity is based on his working writing code for the Desktop tool, while some of his familiarity was acquired thereafter.  But what that passage does not describe, however, is <u>how</u> Mr. Raczko acquired that knowledge.  More specifically, given that Mr. Raczko did not write code for the Workstation product, it is unclear whether Mr. Raczko's knowledge is based on his personal observation of the relevant software or whether it is based on hearsay, which is improper for a lay witness to rely on (unless it falls under one of the hearsay exceptions).  *See, e.g.*, *U.S. v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015) ("a lay opinion witness may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements.") (internal quotation marks omitted).  But given that Mr. Raczko never worked in the "Tools" division that developed the Workstation product, the undersigned believes that it may be more likely that Mr. Raczko acquired via hearsay that based on his personal observation.

But even if Mr. Raczko's lay opinion is based on hearsay, "courts have allowed lay witness opinion testimony based on hearsay if the hearsay is admissible under one of the Rule 803 exceptions."  *Veals v. Edison Chouest Offshore, LLC*, No. CV 06-3776, 2009 WL 10710266, at *5 (E.D. La. Mar. 6, 2009) (citing *United States v. Flores*, 63 F.3d 1342, 1359 (5th Cir. 1995)); *Momeni-Kuric v. Metro. Prop. & Cas. Ins. Co.*, No. 3:18-CV-00197-RGJ, 2019 WL 3416677, at *4 (W.D. Ky. July 29, 2019) ("Additionally, there are many circumstances in which a lay witness may testify about their own injuries or injuries they personally observed either through their own perceptions or a hearsay exception.") (citing Fed. R. Evid. 701, 803).  Neither party raises the hearsay issue nor what hearsay exceptions may apply.  As such, the undersigned does not know if

any of the hearsay exceptions specified in Federal Rules of Evidence 803 apply, *e.g.*, business records.  Fed. R. Evid. 803(6).

With respect to the third way, to the extent that Mr. Raczko acquired the relevant knowledge only as part of this litigation, the undersigned concludes that such knowledge does not constitute "personal knowledge."  *McLaren v. Wheaton College*, 194 F. Supp. 3d 743, 752 (N.D. Ill. 2016) (holding that knowledge gained during litigation does not constitute personal knowledge).   By contrast, concluding that knowledge gained during litigation was personal knowledge would essentially improperly remove "personal" from the "personal knowledge."  *U.S. v. Denton*, 944 F.3d 170 (4th Cir. 2019) ("On the other hand, testimony by a law enforcement officer crosses the fine line between permissible lay opinion testimony and expert opinion testimony when it is not based on personal perception, but rather on law enforcement experience and ***after-the-fact investigation***.") (emphasis added).

Similarly, the fact that Defendant designated Mr. Raczko to be its Rule 30(b)(6) witness on 38 technical topics does not necessarily mean that Mr. Raczko has "personal knowledge" of the relevant software in the Workstation product.  Rather, given the number of topics that he was designated on implies that some of his knowledge may have been acquired after the start of litigation.  *Id.*

Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Evidence 602 have different purposes.  The former rule is directed towards streamlining discovery and, to do so, does not require that the deponent have personal knowledge.  *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("Rule 30(b)(6) streamlines the discovery process."); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019) ("Rule 30(b)(6) deponents testify on behalf of entities, not themselves, and often do so based on careful advance preparation, ***not personal***

*knowledge*.") (emphasis added).  The latter rule expressly requires personal knowledge.  *U.S. v. Baraloto*, 535 F. 263, 267 (4th Cir. 2013).  Because these two rules have different purposes and because permitting 30(b)(6) deponents to provide declarations and trial testimony outside of their personal knowledge would eliminate the personal requirement of Federal Rule of Evidence 602, the undersigned concludes that Mr. Raczko's status as a 30(b)(6) deponent does not mean that the statements in his declaration are within his "personal knowledge."

With respect to the fourth way (whether Mr. Raczko has essentially firsthand knowledge because the software is unchanged), the undersigned concludes Mr. Raczko does not given that the code for the Desktop tool and the Workstation product were written using two different programming languages.  More specifically, the Desktop tool was written in Visual Basic while the Workstation product was written in a different language, C#.  Raczko Declaration at ¶ 23.  As such, because the code for the Desktop tool was rewritten for the Workstation product, Mr. Raczko cannot have essentially firsthand knowledge of the latter by virtue of his knowledge of the former.

Therefore, for the reasons described above, the undersigned concludes that Mr. Raczko only has secondhand knowledge of the software that he acquired by virtue of being an employee of Defendant, *i.e.*, he obtained knowledge of the accused software only via hearsay.  But it is unclear whether the hearsay that his lay witness opinion testimony is based upon is admissible under one of the Rule 803 exceptions.  As such, because there is insufficient information for the undersigned to conclude how Mr. Raczko learned the relevant information—and thus whether the statements in his declaration were based on his personal knowledge—the undersigned recommends that the Court grant Plaintiff leave to depose Mr. Raczko regarding the contents of his declaration, *e.g.*, 3 hours.  The undersigned believes that a supplemental deposition will also be helpful in narrowing the dispute between the parties regarding the depth of Mr. Raczko's

knowledge.  Opp. at 4 (asserting that Mr. Raczko is "intimately familiar" with the relevant software in the Workstation product); Reply at 5 (asserting Mr. Raczko's deposition testimony only demonstrates that he has a "basic understanding of how the Workstation application worked, not how the various functions of the product were implemented in the source code.").

### B. Whether the source code exhibit attached to Mr. Raczko's declaration was untimely disclosed

The next issue is whether the source code exhibit attached to Mr. Raczko's declaration was untimely disclosed.  After reviewing the parties' arguments and the facts, the undersigned does not agree with either party's arguments.  With respect to Defendant's arguments, Defendant contends that it met its discovery obligations because it made its source code available for review by Plaintiff's experts and that Plaintiff's experts spent 21 days reviewing the source code.  The undersigned agrees-in-part and disagrees-in-part.  More specifically, the undersigned agrees that Defendant fulfilled its part of its discovery obligations by making the source code available.  On the other hand, the undersigned disagrees because it appears that Defendant may have tried to "sandbag" Plaintiff.  More specifically, based on the briefing, it appears that Mr. Raczko's declaration was the first time in the case that Defendant cited to this source code, *i.e.*, it did not cite to this code in its invalidity contentions or in its expert's report(s).  While the undersigned does not expect that a defendant would necessarily cite to this code in its invalidity contentions, the undersigned does expect that a defendant would cite to this code in its expert's report.  Therefore, the fact that Defendant in this case did not cite to this code until summary judgment indicates that that Defendant may have made the strategic choice to wait until after fact and expert discovery had closed in order to prevent Plaintiff from meaningfully responding.[2]

---

[2] Source code is different than documents in terms of availability.  Typically, the latter are produced to the reviewing party who then loads those documents into an e-discovery platform.  As such, the reviewing party has 24/7 access to all of those documents.  By contrast, source code review typically (1) occurs in a secure location, *e.g.*, in the office

With response to Plaintiff's argument, Plaintiff contends that given that there were millions of lines of code, it was Defendant's duty to identify portions of code it intended to rely on under Rule 26(a)(2).  The undersigned disagrees.  Based on Defendant's invalidity contentions, Plaintiff should have understood which portions of code Defendant intended to rely on for its invalidity case.  As such, to the extent Defendant disclosed this invalidity theory in its invalidity contentions and that those contentions were sufficiently detailed, Defendant should not be required to specifically pinpoint what code it intended to rely on prior to its expert reports, any more than Plaintiff should be required to list what source code and documents it intended to rely on prior to its expert reports.

That said, the undersigned sympathizes with Plaintiff as reviewing millions of lines of code in a very limited time (*see* note 2) is a very difficult task.

Based on the above, the undersigned recommends that the Court strike the source code exhibit as being untimely if it was not disclosed in Defendant's expert report on invalidity.  The undersigned also recommends that the Court strike the source code exhibit if Defendant did not disclose the invalidity theory that relies on this source code in its invalidity contentions as Plaintiff did not have adequate notice of Defendant's invalidity theory.  *ASUS Computer Int'l v. Round Rock Rsch., LLC*, No. 12-CV-02099 JST (NC), 2014 WL 1463609, at *9 (N.D. Cal. Apr. 11, 2014)

---

of Defendant's counsel, (2) occurs during business hours, (3) requires using a computer provided by Defendant that has limited software and functionality, *e.g.*, does not have internet access, and (4) requires that the source code experts leave their phone and/or computer outside of the secure room.  Furthermore, the reviewing party generally is limited in how many pages it may print out and the code is not Bates stamped until it is printed out.  Therefore, unlike documents where the reviewing party has possession and access to the documents from the time of production through the end of the case, and where all documents are Bates stamped; for source code, the reviewing party only has access to the source code during fact discovery and only has the Bates stamped printouts (*i.e.*, a very small subset of the source code).  This difference in availability limits the reviewing party's ability to respond to arguments from the producing party because the reviewing party does not have the same level of access to the source code as it does to documents.  Furthermore, this difference also raises the question whether the source code Defendant attached as an exhibit was actually "produced," *e.g.,* because it was not Bates numbered.

(striking prior art not disclosed in defendant's invalidity contentions); *L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11CV599, 2013 WL 7937026, at \*5 (E.D. Tex. Oct. 11, 2013) (same).

To the extent the Court does not strike the source code exhibit, the undersigned recommends granting Plaintiff leave to review the source code and serve a supplemental expert report.

### C. Whether the untimely disclosure of Mr. Razcko's declaration was harmless or substantially justified

As described above, the undersigned concluded that paragraphs 7–12 and 23–32 of Mr. Raczko's declaration constitute expert testimony and that paragraphs 13–22 may also constitute expert testimony. There does not appear to be any dispute that Defendant did not properly or timely disclose Mr. Raczko as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). Therefore, the final issue is whether that failure to disclose substantially justified or harmless. As described above, the Fourth Circuit has outlined five factors to use when analyzing whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis. *S. States Rack And Fixture*, 318 F.3d at 597. The undersigned addresses each of these factors in turn.

#### 1. The surprise to the party against whom the evidence would be offered

Based on the parties' briefs, the undersigned concludes that Mr. Raczko's declaration was a surprise to Plaintiff for at least the following reasons. ***First***, Mr. Raczko did not write an expert report nor did Defendant disclose that Mr. Raczko may offer expert testimony. ***Second***, the substance of Mr. Raczko's declaration could have been included in Defendant's expert reports on non-infringement and invalidity, but Defendant made the strategic choice not to include it in those expert reports (or Defendant's expert declined to proffer such an opinion). As such, the undersigned concludes that after expert discovery closed, Plaintiff would have been surprised

when Defendant attached Mr. Raczko's declaration to its motion for summary.  ***Third***, given that Mr. Raczko "actively assisted" Defendant's expert, but did not write his own expert report, Plaintiff could have reasonably concluded that Mr. Raczko would not provide a declaration in support of a motion for summary judgment.  Based on that, the undersigned concludes that Plaintiff would have been surprised by Mr. Raczko's declaration.

### 2.   The ability of that party to cure the surprise

The Court could grant Plaintiff leave to depose Mr. Razcko in order to cure or mitigate the surprise.  Furthermore, the Court could grant Plaintiff leave to review the source code and to file a supplemental expert report to rebut Mr. Razcko's declaration.

### 3.   The extent to which allowing the evidence would disrupt the trial

While a deposition, additional discovery, and a supplemental expert report may cure or mitigate the surprise, given that this case is in a very late stage, each of these things—and the associated follow-up briefing—will necessarily delay the trial.

### 4.   The importance of the evidence

The undersigned concludes that Mr. Raczko's declaration is very important as it is a key pillar of Defendant's summary judgment motion.

### 5.   The nondisclosing party's explanation for its failure to disclose the evidence

Defendant did not provide an explanation for its failure to disclose this evidence other than to characterize it a timely lay testimony. But for the reasons described above, the undersigned concludes otherwise.

As described previously, Defendant could have designated Mr. Raczko as an expert witness or included the substance of his declaration in the report(s) of its expert(s), but it made the strategic

choice not to.  In other words, the timing of Mr. Raczko's declaration appears to a deliberate choice on Defendant's part rather an accidental or justifiable omission.

### 6.  Conclusion

Based on the analysis of the aforementioned factors, the undersigned concludes that the untimely disclosure of Mr. Raczko's declaration was neither substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis.   As such, the undersigned recommends that paragraphs 7–12 and 23–32 of Mr. Raczko's declaration should be excluded and potentially paragraphs 13–22 as well.

## V.   CONCLUSION

For the reasons described herein, the undersigned recommends that the Court **EXCLUDE** paragraphs 7–12 and 23–32 of Mr. Raczko's declaration and the attached source code exhibit. With respect to paragraphs 13–22 of Mr. Raczko's declaration, the undersigned recommends that the Court grant Plaintiff leave to depose Mr. Raczko in order to determine the extent of Mr. Raczko's personal knowledge and by which hearsay exceptions he acquired that knowledge.

**SIGNED** on the 9th day of April, 2023.

Joshua J. Yi, Ph.D.

27