IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAEDALUS BLUE, LLC,                  )
      Plaintiff,                   )
                            )
         v.                    )                Civil Action No. 2:20CV551 (RCY)
                            )
MICROSTRATEGY INCORPORATED,          )
      Defendant.                   )
                            )

**MEMORANDUM ORDER**
**(Adopting Report and Recommendation of the Special Master)**

      This matter is before the Court on Plaintiff's *Daubert* Motion to Exclude Expert Testimony of Suzanne Stuckwisch (ECF No. 200), and the Special Master's Report and Recommendation regarding the same ("R&R," ECF No. 278).

      Pursuant to Federal Rule of Civil Procedure 53, and by Order of Reference (ECF No. 250), this matter was referred to Special Master Dr. Joshua J. Yi for a Report and Recommendation.  In the R&R filed on April 17, 2023, Special Master Yi recommended that the Court DENY Plaintiff's *Daubert* Motion to Exclude Expert Testimony of Suzanne Stuckwisch (ECF No. 200).  More specifically, Special Master Yi found that (1) Ms. Stuckwisch's opinions in her expert report are sufficient to meet the requisite comparability analysis of the IBM Per Patent Offer; (2) that Ms. Stuckwisch accounted for the factual differences between the IBM Per Patent Offer and the hypothetical negotiation; and (3) that Ms. Stuckwisch did not misapply the *Georgia-Pacific* factors.  (*See* R&R 14–20.)

      Any party seeking to alter, modify, or object to the Special Master's R&R must file their objection(s) no later than 21 days after the copy of the R&R is served.  Fed. R. Civ. P. 53(f)(2).  "In acting on a master's order, report, or recommendations, the court may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions."  Fed. R. Civ. P.

53(f)(1).  In this case, the Special Master filed the R&R on April 17, 2023; the time for filing written objections has accordingly passed, and neither party has filed objections.

Federal Rule of Civil Procedure 53, like Federal Rule of Civil Procedure 72 and Title 28 United States Code Section 636 (the statutes governing the review of a Magistrate Judge's order and report and recommendation) does not specify the level of review to be applied to findings of fact or conclusions of law in a Special Master's report and recommendation when *no* timely objections have been made.  *Compare* Fed. R. Civ. P. 53(f), *with* Fed. R. Civ. P. 72, *and* 28 U.S.C. § 636(b)(1).[1]

With regards to a Magistrate Judge's report and recommendation, the Supreme Court has held that the statute's omission of any applicable standard of review means that the statute does not "require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Furthermore, the Fourth Circuit has held that the lack of objections to a Magistrate Judge's report and recommendations waives *de novo* review and instead warrants a review for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court reasons that the same logic applies to its review of a Special Master's report and recommendation when no timely objections have been made.  *See, e.g.*, *Strauch v. Computer Scis. Corp.*, No. 3:14-CV-956 (JBA), 2019 WL 7602150, *2 (D. Conn. Aug. 6, 2019) (reviewing the non-objected-to portions of the Special Master's report and

---

[1] In the Order appointing Special Master Yi, the Court previously stated that it "shall review the Special Master's Report and Recommendation, as well as any timely filed objections by the parties, in a manner mirroring Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636."  (Order 2, ECF No. 250.)

recommendation for clear error); *Seggos v. Datre*, No. 17-CV-2684 (SJF)(ARL), 2019 WL 3557688, at \*2 (E.D.N.Y. Aug. 5, 2019) (same); *Andrews v. U.S. Pipe & Foundry Co.*, No. 2:06-cv-1645-RDP, 2009 WL 10703074, at \*2 (N.D. Ala. Aug. 5, 2009) (applying the clearly erroneous standard to a Special Master's un-objected-to report and recommendation).

The Court has reviewed the R&R and finds no clear error on the face of the record. Accordingly, the Court hereby APPROVES and ADOPTS in full the findings and recommendations set forth in the R&R (ECF No. 278) and ORDERS that Plaintiff's *Daubert* Motion to Exclude Expert Testimony of Suzanne Stuckwisch (ECF No. 200) is hereby DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

Richmond, Virginia
Date: <u>July 26, 2023</u>

/s/

Roderick C. Young
United States District Judge