IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAEDALUS BLUE, LLC,         )
     Plaintiff,            )
                        )
      v.                 )          Civil Action No. 2:20CV551 (RCY)
                        )
MICROSTRATEGY INCORPORATED, )
     Defendant.          )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Strike Declaration of Cezary Raczko (ECF No. 145), the Special Master's Report and Recommendation Regarding Plaintiff's Motion ("R&R," ECF No. 275), and Defendant's Objection to the R&R (ECF No. 283). The matters have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

For the reasons stated below, the Court will overrule Defendant's Objection (ECF No. 283), adopt the Special Master's R&R (ECF No. 275) in part, and grant Plaintiff's Motion to Strike Declaration of Cezary Raczko (ECF No. 145) with respect to paragraphs 7–12 and 23–32 of the Declaration and as to its attached source code exhibit. The Court will, however, deny the Motion to Strike without prejudice as to paragraphs 13–22, and will further permit Plaintiff to conduct a limited supplemental deposition of Mr. Raczko to explore the basis for his knowledge as expressed in those paragraphs.

### I. Factual Allegations

The United States Patent and Trade Office ("PTO") issued United States Patent No. 8,341,172 ("the '172 Patent") on December 25, 2012, and United States Patent No. 9,032,076 ("the

'076 Patent") on May 12, 2015.  (Compl. ¶¶ 11, 20, ECF No. 1.)  The inventions described in the '172 Patent and the '076 Patent (collectively, "the Patents") were originally developed by the International Business Machines Corporation ("IBM").  (*Id.* ¶ 1.)  Daedalus Blue, LCC ("Plaintiff" or "Daedalus") is the current owner of the Patents.  (*Id.* ¶¶ 12, 21.)  The '172 Patent describes "systems and methods that improve the functioning of a computer, including improvements to the way in which information storage and retrieval systems store and access data through improved means of generating aggregate data values from across one or more data sources, and merging aggregate and non-aggregate data values."  (*Id.* ¶ 13.)  The '076 Patent describes "techniques that improve the methods for restricting and granting user access to resources."  (*Id.* ¶ 22.)

MicroStrategy Incorporated ("Defendant") is an analytics software and services company.  (*Id.* ¶ 29.)  Its core offering is the MicroStrategy Platform.  (*Id.*)  The MicroStrategy Platform utilizes the Advanced Reporting Tools, which include tools that aggregate functions to aggregate data values from data sources.  (*Id.* ¶¶ 36–38.)  The MicroStrategy Platform also includes the MicroStrategy Intelligence Server, which provides role-based access control.  (*Id.* ¶ 39.)  Daedalus alleges that these and other MicroStrategy products infringe on the '172 and '076 Patents.  (*Id.* ¶¶ 41–68.)

## II. Procedural History

Plaintiff filed the Complaint on November 4, 2020.  (ECF No. 1.)  Defendant filed a Motion for Summary Judgement on September 21, 2022 (ECF No. 119), accompanied by a Declaration in support thereof by Mr. Cezary Raczko, Executive Vice President at MicroStrategy (ECF No. 129[1]).  The Declaration was buttressed by an exhibit of excerpted source code (ECF No. 129-1).  Plaintiff filed its Motion to Strike Declaration of Cezary Raczko ("Motion to Strike"), which included a

---

[1] For purposes of this Memorandum Opinion, the Court will cite the ECF numbers of the sealed, unredacted versions of documents in the record, with the caveat that redacted public versions are available elsewhere in the docket.

challenge to the accompanying source code exhibit, on October 12, 2022.  (ECF No. 145.)
MicroStrategy filed its Response to Plaintiff's Motion to Strike on October 26, 2022.  (ECF No. 184.)  On November 11, 2022, Plaintiff filed a Reply in support of its Motion to Strike.  (ECF No. 211.)

On November 15, 2022, the Court re-appointed Joshua J. Yi, PhD, as Special Master to assist the Court in deciding several pending motions from the parties, including Plaintiff's Motion to Strike.  (ECF No. 250.)  The Special Master issued his R&R regarding Plaintiff's Motion to Strike on April 11, 2023.  (ECF No. 275.)  In that R&R, the Special Master recommended the Court exclude paragraphs 7–12, 23–32, and the source code exhibit, but allow Plaintiff time to depose Mr. Raczko regarding the extent of his personal knowledge with respect to the statements in paragraphs 13–22.  (R&R 1.)  Defendant filed an Objection to the Special Master's Report on April 25, 2023.  (ECF No. 283.)  Plaintiff filed its Response to Defendant's Objection on May 9, 2023.  (ECF No. 287.)  Defendant filed its Reply in support of its Objection on May 15, 2023. (ECF No. 290.)

### III. Standard of Review

When reviewing a party's timely objection to a special master's report and recommendation, the Court must decide *de novo* any objections to the Special Master's factual finding(s).[2]  Fed. R. Civ. P. 53(f).  Similarly, the Court must decide *de novo* any objections to conclusions of law recommended by the Special Master.  *Id*.  "In acting on a master's order . . .

---

[2] In Defendant's Objection, Plaintiff's Response, and Defendant's Reply, both parties referenced the standard of review as *clearly erroneous and contrary to law*, per Fed. R. Civ. P. 72.  However, while the pending issue is non-dispositive and would be subject to a "clearly erroneous and contrary to law" standard if it had been resolved as an order, the posture before the Court is that of objections to a report and recommendation.  Thus, review is governed by Fed. R. Civ. P. 53(f), which calls for *de novo* review.

the Court may adopt or affirm, modify, wholly or partly reverse, or resubmit to the master with instructions." *Id.*

## IV. Analysis of Report and Recommendation

The Court finds that the following federal rules of evidence and civil procedure provide a framework for its analysis:

Federal Rule of Civil Procedure 26(a)(2) governs disclosures related to expert witnesses, requiring that "a party must disclose to the other parties the identity of other witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(B) explains that witnesses who are "retained or specifically employed to provide expert testimony in a case or . . . whose duties as the party's employee regularly involve giving expert testimony" must provide written reports alongside their disclosure. Absent a stipulation or a court order, expert disclosures must be made at least 90 days before trial, for the case to be ready for trial. Fed. R. Civ. P. 26(a)(D).

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit articulated the following factors for determining whether nondisclosure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Rule 702 of the Federal Rules of Evidence governs expert testimony. An expert witness may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. On the other hand, Rule 701 of the Federal Rules of Evidence governs the testimony of lay witnesses, who may offer opinions based on relevant historical or narrative facts that they have themselves perceived.

In contrast, Rules 701 and 602 of the Federal Rules of Evidence apply to lay witness testimony. Rule 701 states that "the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Rule 602 states that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove person knowledge may consist of the witness's own testimony." Although Rule 602 emphasizes that proof of personal knowledge can be evinced by the witness's own testimony, the witness must still set forth a factual basis for his or her claim of personal knowledge of the matter in question. *See Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp.2d 964, 974 (E.D. Mich. 2003).

Federal Rule of Civil Procedure 30(b)(6) allows a party to designate one or more officers, directors, managing agents, or other persons to testify on behalf of a business association or

governmental agency.  A 30(b)(6) designee must testify about information known or reasonably available to the organization.

Accordingly, the Court will apply these rules in conducting its *de novo* review of the Special Master's R&R and of Defendant's objections to the same.

## A.  Paragraphs 7–12 and 23–32 of the Raczko Declaration

### 1. Special Master's Recommendation

The Special Master concluded that paragraphs 7–12 and 23–32 of Mr. Raczko's Declaration involved opinion testimony and thus did not meet the personal knowledge threshold required of a lay witness as outlined in Federal Rules of Evidence 602 and 701.  (R&R 18, ECF No. 275[3].)  He then further determined that paragraphs 7–12 and 23–22 in fact constitute expert testimony, and Defendant failed to designate Raczko as a Rule 702 expert witness.  (*Id*.)  Finally, the Special Master concluded that Raczko's designation as a Rule 30(b)(6) witness does not alter the requirement for personal knowledge testimony.  (*Id*. 21–22.)  For these reasons, the Special Master recommended that the Court exclude these portions of the Declaration.

### 2. Defendant's Position

In its Objection to the Special Master's R&R, Defendant contends that Raczko relied on his "extensive personal knowledge" in the Declaration and argues that he should be permitted to testify under both Rule 602 and Rule 701 of the Federal Rules of Evidence.  (Def.'s Obj. 5, ECF No. 283.)  Defendant highlights Raczko's "deep knowledge" of MicroStrategy products, beginning in 1998 when he began working with the company's software and continuing through his various executive and managerial roles at the company.  (*Id*.)  Defendant contests the Special Master's characterization of paragraphs 7–12 and 23–32 as opinion-based, asserting that these paragraphs

---

[3] For this and all other documents, the Court will apply the pagination assigned by the CM/ECF system and not the pagination in the original document.

are instead "purely factual and should not be excluded as either lay or expert opinions." (*Id.* 8.) In support, Defendant points to Raczko's sworn testimony outlining the basis for his knowledge stating how he (Raczko) was "intimately familiar . . . down to the code level" with the functionality at issue. (*Id.* 11.) Specifically, Defendant contends that paragraphs 8, 11, 12, and 24–32 are purely factual and should not be excluded either as lay or expert opinions. (*Id.* 7.) The remaining paragraphs at issue, Defendant argues, either give general context for the factual statements (paragraphs 9, 10) or are fact statements about the software (paragraphs 7, 23). (*Id.* 9.)

Defendant next argues that the Special Mater's recommendation is in opposition to Rule 602 of the Federal Rules of Evidence, which requires sufficient evidence to support a finding that the witness has personal knowledge, and further requires that the witness's own testimony can provide such evidence. (*Id.* 16.) Defendant also asserts that the recommendation is contrary to Fourth Circuit precedent that notes "evidence is inadmissible under [Rule 602] only if the proper exercise . . . finds that the witness could not have actually perceived or observed that which he testifies to." (*Id.*) (quoting *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir. 1982).

Finally, Defendant argues that the Special Master's reliance on his own understanding and personal experience cannot be judicially noticed, citing Federal Rule of Evidence 201(b). (*Id.* 15.) Defendant contends that the Special Master's reliance on his own experience is outside the facts contained in the record and not an appropriate basis for determining that Mr. Raczko lacked personal knowledge of MicroStrategy software. (*Id.*) Defendant reasserts these arguments in its Reply in support of its Objections to the R&R. (*See* Reply 7–10.)

### 3. Plaintiff's Response

Plaintiff argues that the Court should adopt the Special Master's R&R and that Raczko's testimony was not based on personal knowledge but instead better resembles the expert opinion of a Rule 702 witness. (*See generally* Pl.'s Resp., ECF No. 287.) Plaintiff notes that Raczko never worked in the specific division that was responsible for developing MicroStrategy's Workstation product, that Raczko stopped writing source code long before Workstation was developed, and that the Workstation source code was written in an entirely different programming language than the prior Desktop software that Raczko previously worked on. (*Id*. 4.)

Plaintiff points to the comparative language included in paragraphs 9 and 10 of Mr. Raczko's Declaration as supportive of the Special Master's finding that paragraphs 7–12 serve as an opinion-based comparison between the MicroStrategy Workstation and Desktop products. (*Id*.) Additionally, Plaintiff contends that paragraphs 23–32 of Raczko's Declaration continue to compare the functionality of the MicroStrategy Workstation and Desktop products. (*Id*. 5–6.) At one point, while comparing the software, Raczko speaks in hypotheticals, saying a "user could likewise" perform a similar operation using Desktop—plainly comparing the functionality of the different software. (*Id*. 5.) Plaintiff supports the Special Master's determination that Raczko's testimony in these paragraphs was expert opinion under Rule 702 and not firsthand personal knowledge required for lay person testimony or one of the opinion exceptions. (*Id*. 7.) Further, Rackzo's Declaration is based on specialized knowledge, not within the understanding of the average layperson, likewise supporting the finding that this is expert, not lay, opinion. (*Id*.)

Finally, Plaintiff pushes back against Defendant's argument regarding the Special Master's reliance on personal experience, noting that the Court specifically designated this Special Master based on his personal understanding of the technical issues involved in this case. (*Id*.) Further, if

the Special Master's reference to his personal experience was in error (which Plaintiff does not

concede), Plaintiff argues that such error was harmless, given that the Special Master's reference

to his personal work experience was just one (of six) reasons for concluding that the

aforementioned paragraphs constitute expert testimony.  (*Id*. 8.)

### 4. The Court's Ruling

The Court agrees with the Special Master's assessment that paragraphs 7–12 and 23–32 of

Raczko's Declaration should be excluded, as those paragraphs constitute expert testimony that was

neither timely disclosed nor harmless or substantially justified in its nondisclosure.  Further, the

Court holds that the aforementioned paragraphs fail to satisfy the personal knowledge requirement

of Federal Rules of Evidence 602 and 701.

> a. *Paragraphs 7–12 and 23–32 of Mr. Raczko's Declaration do not satisfy the*
> *personal knowledge requirements or opinion exceptions for lay testimony and*
> *are instead expert testimony.*

Generally, opinion testimony is the provenance of experts.  Federal Rule of Evidence 602

requires that "a witness may testify to a matter only if evidence is introduced sufficient to support

a finding that the witness has personal knowledge of the matter."  A witness's own testimony may

constitute evidence supporting a finding of the required personal knowledge.  Fed. R. Evid. 602.

Additionally, Federal Rule of Evidence 701 allows lay witness testimony to include opinion only

if the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear

understanding of the witness' testimony or the determination of a fact in issue."

The Fourth Circuit has stated that the line between the Rule 701 opinion testimony and

Rule 702 expert testimony is a fine one, primarily marked by the presence or absence of personal

knowledge.  *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) ("[T]he 'guiding principle'

in distinguishing lay from expert opinion is that lay testimony must 'be based on personal

knowledge.'").  Additionally, the Fourth Circuit identified an additional factor to consider when

distinguishing lay testimony from expert testimony:  whether the testimony relied on specialized knowledge or skill that the jury lacks.  *Id*. at 144.

Regarding paragraphs 7–12 and 23–32 of Raczko's Declaration, the Court finds that his comparison of the functionality of the MicroStrategy Workstation and Desktop products is opinion-based and expert testimony.  While Raczko does appear to have extensive knowledge of the MicroStrategy products, he has not written code for MicroStrategy since at least 2015 and has never worked in the division that created the Workstation products involved in this suit.  (Raczko Dep. 13:14–14:21, 28:2–9, ECF No. 150-2.)  Moreover, as explained in the Special Master's R&R, Raczko's testimony involved a technical comparison between the software involved in the Desktop and Workstation products.  (R&R 16.)  While the Fourth Circuit has allowed lay opinion testimony that is rationally based on the witness's personal knowledge, such opinion should not require scientific, technical, or other specialized knowledge otherwise covered by Rule 702 expert witness testimony.  *Mod. Auto. Network, LLC v. E. All. Ins. Co.*, 842 F. App'x 847, 849 (4th Cir. 2021) (citing *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017)).

The Special Master's conclusion regarding paragraphs 7–12 and 23–32 of Raczko's Declaration is in line with the Fourth Circuit's distinction between valid lay witness opinion testimony and expert witness testimony.  There is no evidence that Raczko compared software as a part of his position at MicroStrategy.  As such, the type of comparison presented in his Declaration is not based on his personal knowledge, prior work, or observation, but instead relies on analysis that he undertook specifically for this litigation.  *See* Fed. R. Evid. 701 advisory committee's note.

Defendant's argument that Raczko's designation as a 30(b)(6) witness is sufficient to allow his testimony to constitute the personal knowledge required by Federal Rule of Evidence 602 falls

short.  Rule 30 is meant to streamline the discovery process by allowing the deposition of an individual on behalf of a corporate entity with advanced preparation and not personal knowledge. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019).  The Special Master correctly points out that the personal knowledge requirement of Rule 602 is not solved by simply identifying Raczko as a Rule 30(b)(6) deponent.  *See id*.; *see also* R&R 21–22.  As the Fifth Circuit noted, a 30(b)(6) corporate witness "cannot make comments that would otherwise require expert qualifications." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006).  Raczko's opinion comparison between the two products here clearly falls into the expert commentary category that is prohibited even for a corporate-designee witness.

Based on the foregoing, the Court holds that paragraphs 7–12 and 23–32 of Mr. Raczko's Declaration constitute un-designated expert testimony because these portions involve technical and opinion-based testimony of the comparative functionality of the MicroStrategy Workplace and Desktop products.

> b. *Defendant's failure to designate Mr. Raczko as an expert witness was not justified or harmless.*

Under Federal Rule of Civil Procedure 37(c)(1), a party that failed to properly disclose and identify an expert witness is not able to use the testimony or witness to supply evidence "unless the failure was substantially justified or is harmless."  The Fourth Circuit has identified five factors to consider when determining whether a failure to disclose is substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); *see also Rambus, Inc. v. Infineon Technologies AG*, 145 F.Supp.2d 721, 726 (E.D. Va. 2001).  Four of these factors—surprise to the opposing party, the ability to cure that surprise, the disruption of the trial, and the importance of the evidence—address the "harmlessness" exception, while the remaining

factor—the explanation for the nondisclosure—primarily addresses the "substantially justified" prong. *S. States*, 318 F.3d at 597.

The first factor is whether "there is surprise to the party against whom the witness was to have testified." *S. States*, 318 F.3d at 596. The Court observes the same points outlined by the Special Master as reasons that the inclusion of Mr. Raczko's Declaration would surprise Plaintiff: Raczko did not write an expert report, Defendant did not disclose the potential for Raczko to give expert testimony, and Defendant filed the Declaration after the close of discovery. (Mem. Supp. Mot. Strike 3; *see also* Opp'n Mot. Strike 2–6, ECF No. 184.) As such, the Court finds that the first factor weighs in favor of excluding the Declaration. The second factor is "the ability of [the party seeking admission] to cure the surprise." *S. States*, 318 F.3d at 596. This factor weighs in favor of inclusion, as the Court could theoretically order Defendant to produce an expert report for Raczko and provide Plaintiff additional time to depose Raczko and to prepare a rebuttal expert report. However, this factor and hypothetical cure is undercut by the third factor, which is "the extent to which allowing the evidence would disrupt the trial." *Id*. Due to the late stage of the case, permitting the evidence but also providing additional time for discovery sufficient to cure the prejudice of the late addition would likely cause substantial delay on top of what has already been quite protracted litigation. Thus, the third factor supports exclusion of the Declaration. The fourth factor, "the importance of the issue," *id*., weighs in favor of inclusion, as the Court recognizes that Defendant believes Raczko's Declaration constitutes an important part of its case, particularly on summary judgment. Given the balance of these "harmlessness" factors, the analysis turns on the fifth factor.

The fifth *Southern States* factor examines "the non-disclosing party's explanation for its failure to disclose the evidence." *Id*. In *Southern States*, the Fourth Circuit noted that a court need

12

not necessarily find bad faith by the non-disclosing party, but that it rather must simply find that the nondisclosure was "without substantial justification" and harmful. *S. States*, 318 F.3d at 596 (citing *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992)). Courts have found that a party lacks substantial justification where it failed to explain why it did not supplement discovery responses when it knew of new information; where a party tendered an expert report out-of-time in apprehension that the Court might reject claim construction arguments; or where a defendant concluded that the supposed burden of redacting and logging privileged information in the undisclosed material would not be proportional to his assessment of the value of those materials. *See S. States*, 318 F.3d at 598; *Rambus*, 145 F.Supp.2d at 732; *Vir2us, Inc. v. Invincea, Inc.*, 235 F.Supp.3d 766, 779 (E.D. Va. 2017).

  While the Court declines to draw the harsh conclusion that Defendant's choices about disclosure and expert designation were made in bad faith, the Court does conclude that the timing of the Declaration's production was neither accidental nor justifiable. MicroStrategy only explained its failure to disclose this evidence through its repeated assertion that the Declaration was lay testimony (Opp'n Mot. Exclude 4–5), thus demonstrating a conscious—i.e., non-accidental—decision not to disclose or designate the testimony. Contrary to Defendant's position, for the reasons stated above, this Court has determined that Raczko's testimony is not in fact lay testimony. Moreover, given the weight of the record supporting this finding, the Court further concludes that Defendant's attempt to designate this opinion testimony as permissible lay testimony was not "substantially justified."

  Having thus found that Defendant's failure to disclose and identify Raczko as an expert was not "substantially justified or . . . harmless," Fed. R. Civ. P. 37(c)(1), the Court finds that the record supports the Special Master's Recommendation, and Plaintiff's Motion to Strike will be

granted as to paragraphs 7–12 and 23–32 of Raczko's Declaration due to Defendant's failure to properly designate Raczko as an expert.

**B. Recommendation to Exclude Source Code Exhibit**

**1. Special Master's Recommendation**

The Special Master recommends that the Court exclude the source code exhibit attached to Raczko's Declaration *if* the Court finds either of two facts to be true:  first, that the source code excerpted in the exhibit was not disclosed in Defendant's expert report on invalidity, or, second, if Defendant did not disclose the invalidity theory that relies on this source code in its invalidity contentions, as that would mean Plaintiff did not have adequate notice of Defendant's invalidity theory.  (R&R 24.)  The Special Master further recommended that, to the extent the Court does not strike the source code exhibit, it should allow Plaintiff additional time to review it and prepare a rebuttal expert.  (*Id*. 25.)[4]

**2. Defendant's Objection**

Defendant objects to the recommended exclusion of the source code, emphasizing that Defendant produced the source code files according to the agreed-upon Protective Order in this case.  (Def.'s Obj. 19–20 (citing Stipulated Protective Order, ECF No. 40)).  Defendant challenges the Special Master's characterization of Plaintiff's supposedly unfair access to the source code, given that Defendant made the source code available remotely for Plaintiff and Plaintiff's expert (subject to a twenty-four hour notice requirement) and even continued to allow Plaintiff to access

---

[4] The Special Master also flags the question of whether the source code exhibit reflects source code that was "actually 'produced,'" given the absence of Bates numbers typically associated with documents produced in discovery. (R&R 23 n.2.)  However, the Court finds nothing to suggest the source code was not made available to Plaintiff—and thus "produced," for discovery purposes—in the manner agreed upon in the parties' Stipulated Protective Order (ECF No. 40).  The Court likewise does not find reason to suspect that this excerpt of source code did not actually come from the source code that was made available.  The only question, therefore, is whether inclusion of the excerpt of code reflected in the source code exhibit and highlighted by the Raczko Declaration constitutes impermissible "sandbagging".  (*See* R&R 23.)

the source code in Defendant's offices after the close of fact discovery (having terminated the remote-access connection after the discovery cutoff).  (*Id*.)

Defendant further argues that no timing violation occurred and that Defendant is allowed to offer "factual evidence through witnesses in declarations (for Summary Judgement) and at trial." (*Id*. at 20.)  Defendant contends that because Raczko's Declaration is not an expert report supplement or opinion, no violation occurred.  (*Id*.)

Lastly, Defendant argues that, even if the Court determines that the source code exhibit was late-disclosed, the lateness was excusable as "substantially justified or harmless" because:  (1) Plaintiff was aware, by merit of Defendant's Initial Disclosures, of MicroStrategy's defense that the prior software functioned the same as the accused software in all relevant respects, and thus that technical fact evidence in support of that comparative functionality would be presented; (2) the purported surprise of the disclosure could be cured by allowing Plaintiff to review the source code again and file a supplemental expert report; (3) there is currently no trial date that would be impacted or delayed; (4) the information is important to Defendant's case (as evidenced by MicroStrategy's early identification of an anticipated fact witness to testify to the operation of the current product relative to prior versions); and (5) Defendant believed the Declaration and its exhibits constituted routine fact testimony in support of a summary judgment motion, entirely permissible and appropriate under the rules of procedure.  (*Id*. 21–22.)

### 3. Plaintiff's Position

Plaintiff argues that the Special Master's recommendation to exclude the source code exhibit is correct, based on Plaintiff's unequal access to the source code compared to Defendant. (Pl.'s Resp. 10.)  In support of this, Plaintiff highlights the logistical restrictions it faced in conducting any review of the code, and the limit placed on Plaintiff as to the number of pages of

source code it could print consecutively and in total, compared to no limits placed on Defendant's witnesses. (*Id*. at 11.) Plaintiff also agrees with the Special Master's observation that Defendant did not provide any evidence that the source code exhibit constituted an actual excerpt from the source code produced—either as print-outs or through access to the code-review portal or computer—during discovery. (*Id*.) Lastly, Plaintiff argues that Defendant's untimely production should not be excused, for all the reasons found by the Special Master, and that Defendant's disagreement with the Special Master as to the weight of various factors in the *Southern States* analysis is not grounds for departing from the R&R. (*Id*.)

### 4. Defendant's Reply

In its Reply in support of its Objection to the R&R, Defendant reiterates that neither Plaintiff nor the Special Master cite any precedent for excluding information duly produced in discovery in the manner prescribed by the controlling Protective Order. (Reply 14.) Defendant does not engage with the argument that the source code exhibit potentially contains code that was not part of what was made available to Plaintiff for review, other than to re-assert that the information represented in the exhibit "was provided in this case." (*Id*.)

### 5. The Court's Ruling

While the parties' arguments related to Plaintiff's access to the source code and the source code exhibit's putative state of production are well taken, the Court believes that the issue is much more straightforward than the briefing—or even the R&R—suggests.

As stated previously, Federal Rule of Civil Procedure 37(c)(1) notes that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." "The intention of [Rule 37(c)(1)'s] preclusionary

16

measure is to prevent the practice of 'sandbagging' an opposing party with new evidence, and it applies on motions for summary judgement." *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016) (*quoting Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 (LAP), 2015 WL 5333513, at *4 (S.D.N.Y. Sept. 14, 2015)).

In the Raczko Declaration, the challenged source code exhibit, Exhibit A, is referenced only at paragraph 25, where it is proffered as support for the propositions contained in paragraphs 23 and 24 concerning MicroStrategy 7i Desktop functionality. (Decl. ¶ 25.) The Court has already concluded that the Special Master correctly determined that paragraphs 23–32 constitute untimely-disclosed expert testimony and that the Motion to Strike will be granted as to those paragraphs. *See supra* Part IV.A.4. In light of this ruling, Defendant cannot use that portion of Mr. Raczko's testimony "to supply evidence on [its] motion"—such evidence here being both the subject of the stricken testimony and the incorporated-by-reference excerpted portion of the source code contained in Exhibit A. Fed. R. Civ. P. 37(c)(1). Because the source code exhibit only exists in connection to the Declaration to buttress the expert portion of Mr. Raczko's testimony, the Court will likewise grant the Motion to Strike as to the source code exhibit.

## C. Recommendation to Allow Plaintiff Additional Time to Depose Raczko Regarding Personal Knowledge of Paragraphs 13–22

### 1. Special Master's Recommendation

The Special Master recommends that the Court allow Plaintiff additional time to depose Raczko regarding his personal knowledge of the information presented in paragraphs 13–22 of the declaration. (R&R 18.) Paragraphs 13–22 consist of Raczko's description of the MicroStrategy Workstation product's functionality, separate and apart from the comparative analysis contained in paragraphs 7–12 and 23–32, discussed *supra*. (*Id*.) In the R&R, the Special Master points out that Rackzo could have obtained knowledge of this Workstation software in one of four ways: (1)

firsthand knowledge because he wrote or maintained the software; (2) secondhand knowledge through his employment at MicroStrategy; (3) secondhand knowledge through his preparation as a 30(b)(6) deponent; or (4) firsthand knowledge of the software because the software for the workstation product is unchanged.  (*Id*.)

The Special Master discounts the first scenario due to Raczko's admission that he had not written or maintained the software involved since 2013 or 2015.  (*Id*. 19.)  Next, the Special Master highlights how there is "insufficient information" as to the second option, noting that Raczko admitted he has "a 'simplistic and superficial marketing' level of understanding."  (*Id*.)  The Special Master notes that obtaining knowledge as a 30(b)(6) deponent does not constitute personal knowledge.  (*Id*. 21) (citing *McLaren v. Wheaton College*, 194 F. Supp. 3d 743, 752 (N.D. Ill. 2016)).  Lastly, the Special Master dismisses the fourth option and notes that Raczko could not have knowledge based on apparent similarity between the Desktop tool and the Workstation product because MicroStrategy wrote the code for each product in different program languages, undercutting any arguments of supposed similarity.  (*Id*. 22.)

Ultimately, the Special Master concluded that Raczko most likely obtained secondhand knowledge of the Workstation product via hearsay.  Since neither party addressed any potential Federal Rule of Evidence 803 exceptions, the Special Master was unable to address whether these portions constitute admissible personal knowledge.  (*Id*.)  For that reason, the Special Master recommended the Court allow Plaintiff additional time to depose Raczko to determine the basis for his personal knowledge of the Workstation product functionality.  (*Id*.)

### 2. Defendant's Objection

Defendant briefly argues that an additional deposition of Raczko by Plaintiff is unnecessary because Raczko already identified the basis for his knowledge regarding the source code.  (Def.'s

Obj. 15.)  Additionally, Defendant argues that the existing record is sufficient to demonstrate the basis for Raczko's personal knowledge.  (*Id*. 16.)  Lastly, in its Reply to Plaintiff's Response to the Objection, Defendant contends that additional time for Plaintiff to depose Raczko is unnecessary because Plaintiff had over an hour left during the original deposition but failed to ask additional questions of Raczko.  (Def.'s Reply 10.)

### 3. Plaintiff's Response

Plaintiff argues that during the original deposition of Raczko on May 20, 2022, the information that Mr. Raczko would later submit in the Declaration and the source code was not addressed because Defendant had not yet disclosed that Mr. Raczko would be offering testimony on those topics.  (Resp. 10.)[5]

### 4. The Court's Ruling

The Court agrees with the Special Master's assessment that there is insufficient information to determine whether Raczko's statements in paragraphs 13–22 were based on personal knowledge.  The record supports the Special Master's elimination of scenarios one and four, recited above.  *See* Raczko Dep. at 28:2–9 (Raczko's admission regarding his outdated code-writing knowledge); *see also id*. at 13:14–14:21; 146:21–147:2 (Raczko's testimony regarding the difference in programming language between the Desktop tool and the Workstation product).  The Court will accordingly, like the Special Master, focus on options two and three for assessing Raczko's potential personal knowledge.

---

[5] Plaintiff also contends that Defendant did not "produce during fact discovery the printouts of source code that Mr. Raczko includes as exhibits in his Declaration," so there was no way for Plaintiff to anticipate any need to question Raczko on these matters in the original deposition.  (Resp. 10.)  This argument is inapposite to the present analysis, however, as the source code only was offered to support paragraphs 23–24 of the Declaration, not the paragraphs presently challenged (13–22).  *See supra* Part IV.B.5.

In evaluating the second scenario—that Raczko obtained secondhand knowledge of the software by virtue of his role as Defendant's employee—the Court is unclear whether Raczko obtained "deep" personal knowledge of the Workstation product or whether his knowledge is simply that of someone with a higher than typical technical understanding.  However, it is never apparent how Raczko acquired whatever level of knowledge he does have.  While he did work with teams in his capacity as a vice president or manager, Raczko himself did not write the code for the Workstation product nor did he work in the "Tools" division that developed that product. (*Id*. at 13:14–14:21, 28:2–9.)  Thus, it follows that any knowledge obtained by Raczko likely came from information gleaned from his capacity as a manager.  (*Id*.)  Whether such knowledge is non-hearsay, admissible hearsay under Federal Rules of Evidence 803, or inadmissible altogether, the current record does not offer sufficient information to determine.  This open question supports ordering a supplemental deposition to clarify the source of Raczko's knowledge and be dispositive as to its admissibility.

Regarding option three—that Raczko gained secondhand knowledge of the software solely through his preparation for his 30(b)(6) deposition—the Court restates the proposition that such knowledge is distinct from "personal knowledge."  *See McLaren v. Wheaton College*, 194 F. Supp. 3d 743, 752 (N.D. Ill. 2016).  The Court is persuaded by Fifth Circuit rulings that preclude a corporate representative from testifying on "matter[s] outside his own personal knowledge 'to the extent that information is hearsay not falling within one of the authorized exceptions.'"  *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)).

Because the Court cannot determine the means through which Raczko obtained the knowledge demonstrated in the Declaration, the Court will adopt the Special Master's

recommendation that a supplemental deposition will be helpful in clarifying whether paragraphs 13–22 are based on personal knowledge or whether they are subject to evidentiary restrictions. The Court will, however, order that such deposition be limited to the unused portion of time originally allotted for Plaintiff's deposition of Mr. Raczko.[6]

## V. Conclusion

For the foregoing reasons, the Court will overrule Defendant's Objection to the Special Master's Report and Recommendation (ECF No. 283) and adopt the R&R (ECF No. 275) as to all but the Special Master's analysis concerning the source code exhibit. The Court will accordingly grant Plaintiff's Motion to Strike Declaration of Cezary Raczko (ECF No. 145) with respect to the Declaration's paragraphs 7–12 and 23–32 and its attached source code exhibit, but deny the Motion without prejudice with respect to paragraphs 13–22. The Court will grant Plaintiff leave to conduct a highly surgical deposition of Mr. Raczko to establish the extent of his personal knowledge underpinning paragraphs 13–22 and which hearsay exceptions, if any, apply.

An appropriate Order shall issue.

_____
/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  August 18, 2023

---

[6] The Court emphasizes that Plaintiff will not be permitted to explore topics outside the basis for Mr. Raczko's knowledge in connection with paragraphs 13–22. For the same reasons the Court declined to permit Defendant to "cure" its late disclosure of Mr. Raczko's proffered expert opinions, i.e., an unwillingness to condone further delay and disruption of this case's progress towards trial, the Court reiterates that this is not an opportunity to reopen discovery. Allowing otherwise would undermine the basis for the Court's determination elsewhere in this Memorandum Opinion that reopening expert discovery would be unduly disruptive to the case's progress towards trial.